UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                           CASE NO. 8:22-cr-259-WFJ-AEP

OMALI YESHITELA
    a/k/a "Joseph Waller,"
PENNY JOANNE HESS,
JESSE NEVEL, and
    a/k/a "Jesse Nevelsky"

## GOVERNMENT'S MOTION FOR
## PROTECTIVE ORDER REGARDING DISCOVERY

The United States of America, by the undersigned attorneys, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651, moves for the entry of an order prohibiting the unauthorized disclosure of discovery material and information contained therein to nonlitigants and establishing safeguards to ensure compliance. The purpose of this protective order is to protect the privacy interests of the defendants, witnesses, and other third parties. In support of this motion, the government states as follows:

    1.    Defendants Omali Yeshitela, Penny Joanne Hess, Jesse Nevel, Augustus C. Romain Jr., and others are charged in this case in a two-count superseding indictment with conspiracy to act as an agent of the Russian Government without notification to the Attorney General, in violation of 18 U.S.C.

§ 371; and acting as an agent of the Russian Government without notification to the Attorney General, in violation of 18 U.S.C. § 951.

2. The voluminous discovery materials in this case contain, among other things: approximately 20 terabytes of electronically stored information, much of which pertains to accounts belonging to individuals other than the defendants named above; private financial information belonging to the defendants and others; and identifying information – including, but not limited to, addresses, telephone numbers, social security numbers, account numbers, email addresses, and birth dates – about numerous individuals other than the defendants. The volume of the discovery materials in this case makes redaction of this information logistically difficult – and, in some instances, practically impossible. Redaction is likely to significantly slow the discovery process and render interpretation of the electronically stored information exceedingly difficult for the defense.

3. The government believes that the process of discovery in this case will be greatly facilitated by the entry of a stipulated protective order from this Court containing the following provisions (when the term "defendants" is used, said term encompasses attorneys for the defendants):

    A. All materials provided as discovery which were or will be produced by the government in preparation for or in connection with any stage of the proceedings in this case ("discovery materials"), including, but not limited to, investigators or agency reports; grand jury transcripts; witness statements;

memoranda of interview; financial records; electronic communication provider records; social media, email, and other electronic records obtained by search warrant; and any documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the records), remain the property of the United States. All such materials and all copies made thereof shall be returned to the United States Attorney's Office unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

- the completion of all appeals, habeas corpus proceedings, clemency or pardon proceedings, or other post-conviction proceedings;
- the conclusion of the sentencing hearing; or
- the earlier resolution of charges against the defendants.

B. Discovery materials provided by the United States may be utilized by the defendants solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C. Upon written request to the United States by the defendant(s), at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case which are specified in such request until such proceedings are concluded.

3

D. Discovery materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly or indirectly to any person or entity other than the defendants, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

E. Discovery materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original materials. Many documents contained in the discovery materials include information of private individuals other than the defendants, and are made available to the defendants only as a result of the above strict guidelines.

F. Before any such disclosure to the defendant, the defendant's counsel shall personally inform their respective client of the provisions of this order and direct the defendant not to disclose any information contained in the discovery material in violation of this order, and shall inform the defendant that any unauthorized disclosure may be punished as contempt of court.

G. Each defendant shall be responsible for controlling and accounting for all such material, copies, notes, and other records described

above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order.

4. The provisions above are not meant to limit information provided in discovery from being used in pretrial proceedings, investigations, motions and briefs, trial, and other proceedings in this litigation, unless the discovery information is protected by another order or law. However, prior to its use as evidence at a motion hearing or at the trial of this cause, any sensitive information regarding another individual, which is necessary to be filed with the Court, shall be filed with the Court under seal, or with the information appropriately redacted as provided by the Local Rules. The parties shall otherwise comply with Federal Rules of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information.

5. The United States has consulted with counsel for defendants Yeshitela, Hess, and Nevel, who do not oppose the relief sought in this motion. The parties have also conferred and agree that the requested Protective Order is intended to facilitate the initial production of discovery. The parties agree that, once defense counsel has reviewed the discovery, the parties will discuss additional limitations to the protective order – specifically, relating to whether electronic devices and other items seized from the defendants should be included in the scope of the protective order – and will request to amend the protective order as appropriate.

WHEREFORE, in the best interests of the administration of justice and because of the importance of protecting potential witnesses and others, it is requested that a protective order as described above be entered in this case.

Respectfully submitted,

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney | By: *s/ Daniel J. Marcet*<br>DANIEL J. MARCET<br>RISHA ASOKAN<br>Assistant United States Attorneys<br>Florida Bar No. 0114104<br>400 North Tampa Street, Suite 3200<br>Tampa, Florida  33602<br>813/274-6000 \| Daniel.Marcet@usdoj.gov |
| JENNIFER K. GELLIE<br>ACTING CHIEF,<br>Counterintelligence and Export Control Section | By:    */s/ Menno Goedman*<br>Menno Goedman<br>Trial Attorney<br>National Security Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |
| COREY R. AMUNDSON<br>Chief, Public Integrity Section | By: *s/ Demetrius D. Sumner*<br>DEMETRIUS D. SUMNER<br>Trial Attorney, Public Integrity Section<br>U.S. Department of Justice<br>PA Bar No. 321406<br>1301 New York Avenue, 10th Floor<br>Washington, D.C. 20530<br>202/597-0775 \|<br>Demetrius.Sumner2@usdoj.gov |

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Thomas Inskeep, Esq.
Mutaqee Akbar, Esq.
Leonard Goodman, Esq.

                                                */s/ Daniel J. Marcet*
                                                Daniel J. Marcet
                                                Assistant United States Attorney
                                                Florida Bar No. 0114104
                                                400 N. Tampa Street, Suite 3200
                                                Tampa, Florida 33602-4798
                                                Telephone:  (813) 274-6000
                                                Facsimile:   (813) 274-6358
                                                E-mail:       Daniel.Marcet@usdoj.gov