UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                  CASE NO. 8:22-cr-259-WFJ-AEP

OMALI YESHITELA
    a/k/a "Joseph Waller,"
PENNY JOANNE HESS, and
JESSE NEVEL,
    a/k/a "Jesse Nevelsky"

**ORDER**

Now pending is the Government's Motion for Protective Order Regarding Discovery. Upon due consideration, the Court finds that the motion is well-taken and agrees that the process of discovery in this case would be greatly facilitated by the entry of a stipulated protective order:

    1.    Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1651, unauthorized disclosure of discovery material and information contained therein to non-litigants is prohibited under the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):

        A.    All materials provided as discovery which were or will be produced by the government in preparation for or in connection with any stage of the proceedings in this case ("discovery materials"), including, but not limited to, investigators or agency reports; grand jury transcripts; witness statements; memoranda of interview; financial records; electronic communication provider records; social media, email, and other electronic

1

records obtained by search warrant; and any documents provided by the government other than trial exhibits (i.e., items actually admitted during the trial and made part of the records), remain the property of the United States. All such materials and all copies made thereof shall be returned to the United States Attorney's Office unless otherwise ordered by the Court or agreed upon by the parties, at the occurrence of the last of the following:

- the completion of all appeals, habeas corpus proceedings, clemency or pardon proceedings, or other post-conviction proceedings;
- the conclusion of the sentencing hearing; or
- the earlier resolution of charges against the defendants.

B. Discovery materials provided by the United States may be utilized by the defendants solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.

C. Upon written request to the United States by the defendant(s), at or before the time of such return, all specified materials returned shall be segregated and preserved by the United States in connection with any further proceedings related to this case which are specified in such request until such proceedings are concluded.

D. Discovery materials and their contents, and any notes or other record of such materials or their contents, shall not be disclosed either directly

or indirectly to any person or entity other than the defendants, persons employed to assist in the defense or prosecution of this matter, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion.

  E. Discovery materials shall not be copied or reproduced except as necessary to provide copies of the material for use by an authorized person as described above to prepare and assist in the defense or prosecution of this matter, and all such copies and reproductions shall be treated in the same manner as the original materials. Many documents contained in the discovery materials include information of private individuals other than the defendants, and are made available to the defendants only as a result of the above strict guidelines.

  F. Before any such disclosure to the defendant, the defendant's counsel shall personally inform their respective client of the provisions of this order and direct the defendant not to disclose any information contained in the discovery material in violation of this order, and shall inform the defendant that any unauthorized disclosure may be punished as contempt of court.

  G. Each defendant shall be responsible for controlling and accounting for all such material, copies, notes, and other records described above, and shall be responsible for assuring full compliance by himself and any person assisting in his defense with this order.

2.  Nothing in this order limits information provided in discovery from being used in pretrial proceedings, investigations, motions and briefs, trials and other proceedings in this litigation, unless the discovery information is protected by another order or law.  The defendant agrees, however, that prior to its use as evidence at a motion hearing or at the trial of this cause, any sensitive information regarding another individual, which is necessary to be filed with the Court, shall be filed with the Court under seal, or with the information appropriately redacted as provided by the Local Rules.  The parties shall otherwise comply with Federal Rules of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information.

Accordingly, it is ORDERED that the Government's Motion for Protective Order Regarding Discovery is GRANTED.

DONE and ORDERED at Tampa, Florida, this 26th day of May, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge