UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

     v.                        CASE NO. 8:22-cr-259-WFJ-AEP

OMALI YESHITELA,
    a/k/a "Joseph Waller,"
PENNY HESS,
JESSE NEVEL,
    a/k/a "Jesse Nevelsky," and
AUGUSTUS C. ROMAIN, JR.,
    a/k/a "Gazi Kodzo"

## UNITED STATES' MOTION IN LIMINE

The United States respectfully requests that the Court enter an Order ruling that neither party be permitted to argue to the jury that the Defendant's conduct in this case is protected by the First Amendment. Whether the conduct is shielded by the First Amendment is a legal issue to be decided by the Court, and arguments concerning such legal issues will only confuse the jury. Defense counsel has stated that they oppose this Motion.

"When facts are found that establish the violation of a statute, the protection against conviction afforded by the First Amendment is a matter of law." *United States v. Dennis*, 341 U.S. 494, 513 (1951) (rejecting argument that "a jury must decide a question of the application of the First Amendment"). While the Defendant's "guilt is established by proof of facts" found by the jury, "[w]hether the First Amendment protects the activity which constitutes the violation of the statute must depend upon

1

a judicial determination of the scope of the First Amendment applied to the circumstances of the case." *Id.*

In this case, the Defendants have argued, through a motion to dismiss the Superseding Indictment, that the charged crimes—acting secretly as agents of Russian intelligence to harm the United States—infringes on their First Amendment rights. This is a complex legal question that has involved extensive legal research and briefing. This legal question is currently before the Court and, if the Court grants the Motion, there will be no trial.

It is not appropriate, however, for either party to make this type of legal argument to the jury. The jury's mandate in this case will be to decide factual matters—whether the Defendants conspired with or acted as agents of the Russian government, and whether they or their conspirators notified the Attorney General. Attorney argument concerning the scope of the First Amendment will only serve to mislead or confuse the jury concerning what issues they are to decide. Indeed, in *Dennis*, which involved a prosecution under a statute that criminalized advocating the overthrow of the government of the United States by force or violence, the Supreme Court affirmed the following jury instruction:

> If you are satisfied that the evidence establishes beyond a reasonable doubt that the defendants, or any of them, are guilty of a violation of the statute, as I have interpreted it to you, I find as matter of law that there is sufficient danger of a substantive evil that the Congress has a right to prevent to justify the application of the statute under the First Amendment of the Constitution.

> This is [a] matter of law about which you have no concern. It is a finding on a matter of law which I deem essential to support my ruling that the case should be submitted to you to pass upon the guilt or innocence of the defendants.

*Dennis*, 341 U.S. at 512. As in this case, whether the Defendant's conduct falls within the protection of the First Amendment—and whether the statute survives intermediate or strict scrutiny, as the Court determines appropriate—is a matter for the Court to decide, and a matter about which the jury should "have no concern." *Id.*

For these reasons, the United States respectfully requests that the Court preclude any jury argument concerning legal issues surrounding the First Amendment.

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney | By: *s/ Daniel J. Marcet*<br>DANIEL J. MARCET<br>RISHA ASOKAN<br>Assistant United States Attorneys<br>Florida Bar No. 0114104<br>400 N. Tampa St., Ste 3200, Tampa, Florida<br>813/274-6000 \| Daniel.Marcet@usdoj.gov |
| JENNIFER K. GELLIE<br>Acting Chief, Counterintelligence and Export Control Section | By: *s/ Menno Goedman*<br>MENNO GOEDMAN<br>Trial Attorney, National Security Division<br>950 Pennsylvania Ave. NW, Washington, DC<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |
| COREY R. AMUNDSON<br>Chief, Public Integrity Section | By: *s/ Demetrius D. Sumner*<br>DEMETRIUS D. SUMNER<br>Trial Attorney, Public Integrity Section<br>PA Bar No. 321406<br>1301 New York Ave., Washington, D.C.<br>202/597-0775 \| Demetrius.Sumner2@usdoj.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Leonard Goodman, Esq.
Mutaqee Akbar, Esq.
Daniel Hernandez, Esq

*/s/ Daniel J. Marcet*
Daniel J. Marcet
Assistant United States Attorney
Florida Bar No. 0114104
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Daniel.Marcet@usdoj.gov