UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

OMALI YESHITELA,
    a/k/a "Joseph Waller,"
PENNY JOANNE HESS,
JESSE NEVEL,
    a/k/a "Jesse Nevelsky," and
AUGUSTUS C. ROMAIN, JR.,
    a/k/a "Gazi Kodzo"

Case No.: 8:22-cr-259-WFJ/AEP

## UNITED STATES' RESPONSE TO DEFENDANTS' MOTION REGARDING REFERENCE TO RUSSIAN GOVERNMENT AGENTS OR EMPLOYEES

A federal grand jury returned a Superseding Indictment charging Defendants Omali Yeshitela, Penny Hess, Jesse Nevel, and Augustus Romain, Jr., with conspiring with each other and others to act within the United States on behalf of the Russian Federation and officials thereof, in violation of 18 U.S.C. §§ 371 and 951. (Doc. 12). The Superseding Indictment specifically identifies a Russian co-conspirator, Alexander Ionov, to be "the founder and president" of a Moscow-based organization that "was funded by the Russian government," and alleges that at least four co-conspirators were "employed as [] FSB officer[s]," to wit, foreign intelligence officers employed by a Russian government agency. *Id.* at 1-5.

Defendant Yeshitela now moves the Court to preclude the United States from referring to individuals alleged to be Russian government employees and agents as such until such time "that fact is proven to the jury by non-hearsay evidence." (Doc.

195). The Defendant cites in support *United States v. Fox*, 761 F. App'x 765, 768 (9th Cir. 2019), which explained that "[a] prosecutor improperly vouches for the government's case when he intimates that he has additional knowledge or information that has not been shared with the jury." In a subsequent email clarifying the Motion, counsel for Yeshitela explained that they do not have an issue with the United States referencing, during opening statements, that it plans to prove that the Russian Defendants are officials of the FSB or the Russian Government. But the email clarified that they object to the United States referring, during its case-in-chief, to the Russian Defendants "as FSB, Russian gov[ernment] and/or agents (or the equivalent of) throughout the trial as it is a jury question and must be proved with sufficient evidence."

There appears to be no dispute between the parties as to what the United States is permitted to argue during opening statements. Prosecutors are permitted in opening statement to explain what they anticipate "the evidence will show." *See United States v. Villanueva*, 746 F. App'x 840, 846 (11th Cir. 2018) (finding no misconduct in opening statement where prosecutor made clear that he was only explaining what he "expect[ed] the evidence will show"); *United States v. Lacayo*, 758 F.2d 1559, 1565 (11th Cir. 1985) (holding that prosecutor's comment that "what you are about to hear is a true story" was not improper where the government prefaced the statement with "[t]he evidence will show"). The United States has alleged, and intends to prove at trial, that certain Russian co-conspirators are employees of the Russian government, and that Yeshitela, Hess, Romain, and Nevel agreed to act as

agents of the Russian government. Accordingly, it is proper for the prosecution to explain in opening statement that the evidence will show that the Russian co-conspirators are Russian government employees, and Yeshitela, Hess, Romain, and Nevel agreed to act as their agents.

Additionally, the jury will be instructed throughout the trial that lawyers' remarks are "not evidence." *See, e.g.*, 11th Circuit Pattern Instruction P1. This is sufficient to ensure that the jury understands the difference between the lawyers' statements and the evidence in the case.

It is less clear whether a disagreement exists as to what the United States—or, more accurately, its witnesses—are permitted to state during the trial. With the proper foundation, a government witness may testify as to evidence establishing that the Russian Defendants were officials or employees of the FSB and the Russian Government. In this case, the United States intends to admit documentary and other evidence establishing that fact. Once that testimony and related evidence are admitted at trial, it is the understanding of the United States that the Defendant agrees that the United States and its witnesses may refer to the Russian government officers and employees as such because there "non-hearsay evidence" proving their identity will have been admitted. Doc. 195 ¶ 2. To the extent the Defendant believes that the prosecutors and witnesses may never refer to the Russian Defendants as officials or employees of the Russian government, the United States opposes this Motion.

For the foregoing reasons, to the extent that the Defendant's Motion seeks to preclude any reference to the Russian Defendants as government officers or employees, even after evidence establishing them as such is admitted, the Motion should be denied.

Respectfully submitted,

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney | By: *s/ Daniel J. Marcet*<br>DANIEL J. MARCET<br>RISHA ASOKAN<br>Assistant United States Attorneys<br>Florida Bar No. 0114104<br>400 N. Tampa St., Ste 3200, Tampa, Florida<br>813/274-6000 \| Daniel.Marcet@usdoj.gov |
| JENNIFER K. GELLIE<br>Acting Chief, Counterintelligence<br>and Export Control Section | By: *s/ Menno Goedman*<br>MENNO GOEDMAN<br>Trial Attorney, National Security Division<br>950 Pennsylvania Ave. NW, Washington, DC<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |
| COREY R. AMUNDSON<br>Chief, Public Integrity Section | By: *s/ Demetrius D. Sumner*<br>DEMETRIUS D. SUMNER<br>Trial Attorney, Public Integrity Section<br>PA Bar No. 321406<br>1301 New York Ave., Washington, D.C.<br>202/597-0775 \| Demetrius.Sumner2@usdoj.gov |

U.S. v. Ionov, et al.                                       Case No. 8:22-cr-259-WFJ/AEP

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Leonard Goodman, Esq.
Mutaqee Akbar, Esq.
Mark O'Brien, Esq.

                                                      */s/ Daniel J. Marcet*
                                                      Daniel J. Marcet
                                                      Assistant United States Attorney
                                                      Florida Bar No. 0114104
                                                      400 N. Tampa St., Ste. 3200
                                                      Tampa, FL 33602-4798
                                                      Telephone: (813) 274-6000
                                                      E-mail: Daniel.Marcet@usdoj.gov