UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 8:22-cr-259-WFJ-AEP

OMALI YESHITELA,
    a/k/a "Joseph Waller,"
PENNY HESS,
JESSE NEVEL,
    a/k/a "Jesse Nevelsky," and
AUGUSTUS C. ROMAIN, Jr.

## UNITED STATES' MOTION TO EXCLUDE EXPERT TESTIMONY OF AARON MATE AND ROBIN KELLEY

The United States hereby moves to exclude testimony of Defendant Penny Hess's noticed experts Mr. Aaron Mate and Prof. Robin D.G. Kelley. Mr. Mate's proposed testimony is overwhelmingly focused on Russia's interference in the 2016 presidential election, a topic which the Court has already excluded from this trial under Rule 403. The remainder of Mr. Mate's anticipated testimony is irrelevant to the issues in this case, not helpful to the jury, and thus properly excluded under Federal Rule of Evidence 702. Mr. Mate also lacks the qualifications to testify as an expert on these issues. With respect to Prof. Kelley, the United States submits that aspects of his proposed testimony are irrelevant to this case, not properly the subject of expert testimony, not helpful to the jury, and unduly prejudicial, and therefore should likewise be excluded.

The United States recognizes, based on prior orders in this case, that the Court may prefer not to rule on this motion until the close of the United States' case-in-chief

1

at trial. Nevertheless, the United States submits this motion now to aid the Court in its resolution of these issues, whether that occurs before or during trial.

## I.    Procedural Background

Defendant Hess first noticed Mr. Mate as an expert on August 13, 2024. A supplemental disclosure was provided on August 26, 2024. Disc. from Aaron Mate, Ex. A. Based on the information provided, Mr. Mate lacks the qualifications to serve as an expert, and his anticipated testimony is irrelevant to this case and therefore not helpful to the jury. The overwhelming majority of his testimony will relate to Russian interference in the 2016 U.S. election—a topic that has already been excluded from trial per an order of this Court. *Compare id.* at 1-3 (describing testimony on "Alleged 2016 Russian election interference") *with* Doc. 213 (Order excluding evidence related to 2016 U.S. presidential election). The remainder of Mr. Mate's proposed testimony concerns what Mr. Mate terms "Censorship of Criticism of U.S. Foreign Policy." Ex. A at 4. The United States also moves to exclude this portion of Mr. Mate's testimony because it is irrelevant to this case and therefore this testimony will not aid the jury, as is required under Federal Rule of Evidence 702.

On August 19, 2024, Defendant Hess separately noticed Prof. Kelley as an expert. The following day, counsel for the Defendant provided a Rule 16 summary of Prof. Kelley's anticipated testimony. *See* Disc. of Prof. Kelley, Ex. B. According to the disclosure, Prof. Kelley will testify on several topics, including (1) Russia's historical relationship with African Americans; (2) the United States Government's alleged treatment of African Americans; and (3) Defendant Alexander Ionov and his

organization the Anti-Globalization Movement of Russia. *Id.* The United States moves to exclude portions of Prof. Kelley's proposed testimony on grounds that some of the proposed topics are not relevant to this case and, in some instances, unduly prejudicial to the United States, as well as because Prof. Kelley is unqualified to testify as an expert as to Defendant Ionov, the Anti-Globalization Movement of Russia, and the Defendants' reasons for partnering with the same.

II.  Argument

### A. Mr. Mate's proposed testimony

#### 1. Mr. Mate's proposed testimony is irrelevant and unhelpful to the jury.

As the United States argued in its earlier motion to strike, the vast majority of Mr. Mate's testimony should be excluded because it is inconsistent with this Court's prior order. On July 31, 2024, the Defendant filed a motion in limine to exclude the government's two experts. Doc. 194. Therein, the Defendant specifically sought to exclude testimony relating to the 2016 election, including "that Russia or its intelligence services hacked into the email of the Democratic National Committee and other Democratic officials." *Id.* at 5. In response, the United States made clear that it "does not intend to elicit any such testimony" and that "the United States does not oppose an order excluding testimony or cross-examination concerning that topic." Doc. 206 at 1. On August 13, 2024, the Court then entered an order denying the Defendant's motion, explicitly noting "the Rule 403-related exclusion of matters related to the 2016 U.S. presidential election." Doc. 213.

In sum, the Defendant expressly sought to keep out evidence relating to Russian interference in the 2016 election, the United States agreed not elicit testimony regarding the same, and the Court so ordered. The Defendant now seeks to walk back from all this and call her own supposed expert to testify on these same issues—under the guise that the testimony will be about "Russia and Russian interference in the U.S." The Court should reject this effort and exclude such testimony.

As to the remainder of Mr. Mate's proposed testimony, this testimony is irrelevant, will not be helpful to the jury, and therefore should likewise be excluded. Mr. Mate seeks to testify about alleged "Censorship of Criticism of US Foreign Policy." Disc. of Aaron Mate at 4. This proposed testimony would relate to "efforts by government actors and affiliated entities to silence criticism of US foreign policy, particularly with the war in Ukraine." *Id.* And, more specifically, Mr. Mate apparently will testify about a supposed "disclosure of a collaboration on censorship between the FBI and SBU" as an example of "one of several documented instances of Ukrainian state-tied attempts to target foreign voices." *Id.* But this is entirely irrelevant to this case. The instant case is about the Defendants *acting* at the direction or control of the Russian Government, without notification to the Attorney General. It is not about any effort to silence criticism of U.S. foreign policy. In fact, Section 951—the statute the Defendants are charged with conspiring to and actually violating—does not bar any speech whatsoever. Instead, it merely requires notification to the Attorney General of the United States whenever a person *acts* in the United States at the direction of a foreign government. Given the clear import of the

4

statute, expert testimony about alleged "censorship" is irrelevant. Likewise, the instant case does not involve any efforts by the Ukrainian government to do anything at all. Consequently, expert testimony about supposed actions by the Ukrainian government are also irrelevant to the issues in this case.

### 2. Mr. Mate is not qualified to testify as an expert and has not proffered a reliable methodology.

Mr. Mate's background and methodology are also inadequate to qualify him as an expert to provide reliable testimony in this case. Mr. Mate's CV indicates that he is a journalist and a podcast producer. CV of Aaron Mate, Ex. C at 1. According to the CV, Mr. Mate obtained a Bachelor's degree in 2003. *Id.* at 2. Since that time, Mr. Mate has spent most of his career producing TV and radio newscasts, which, at times, appears to have involved providing content for the same. *Id.* at 1. For the past six or seven years, Mr. Mate has written "political articles" and/or "award-winning articles and investigations" for a variety of publications. *Id.* As relevant here, Mr. Mate's CV indicates that in 2019 he won an award of his "coverage of the Trump-Russia scandal." *Id.*

Whatever expertise Mr. Mate may be able to offer on the production of newscasts or even the process of newsgathering, Mr. Mate is not qualified to serve as an expert on "Russia and Russian interference in the U.S.," which is how Defendant Hess's counsel has described the subject of his testimony. Mr. Mate has no relevant education or training on these issues. His degree is in communications—not history or even political science. And, in so far as he has any specialized "knowledge" or

5

"experience" in the area, it is limited to a narrow subset of these issues: namely, interference by the Russian Government in the 2016 U.S. elections—a topic which has already been excluded from this trial. Doc. 213.

Additionally, Mr. Mate's opinions also lack sufficient reliability to be admitted at trial. Based on his CV, Mr. Mate does not appear to have published in any peer-reviewed journal. This is the primary way in which the work of academics in this space is verified and given legitimacy. Rather than cite to peer-reviewed examples of Mr. Mate's work, the Defendant provided the United States with four of Mr. Mate's articles. Exs. D-G. All four of these articles were published on online websites (in fact, three of them were published on the same site: www.realclearinvestigations.com). The Defendant has made no attempt whatsoever to establish the credibility of these websites. Furthermore, a review of these articles suggests that Mr. Mate's methodology consists largely of reviewing a handful of open-source materials and then offering opinions about what conclusions those materials support. Mr. Mate has done no primary-source research, conducted no interviews, reviewed no archival material, and generally has developed no *new* evidence on these issues.

### B. Prof. Kelley's proposed testimony

Separately, the United States also moves to exclude testimony as to two topics contained within Prof. Kelley's summary: first, discussion of supposed and alleged historical "bad acts" by the United States, state and local governments, and private citizens; and second, testimony about Defendant Alexander Ionov and his front

organization, the Anti-Globalization Movement of Russia. This testimony should be excluded.

First, Prof. Kelley seeks to offer opinions about "anti-black violence (shootings, beatings, torture, lynchings, rape and sexual violence) by police, mobs, and vigilantes across the country." Ex. B at 4-5. He also proposes to testify about former first lady Eleanor Roosevelt's decision to block W.E.B. Du Bois from presenting at the United Nations and DuBois' later arrest, *id.* at 5-6, the 1920s arrest of William L. Patterson, *id.* at 5-6, the "government repression" of "nearly all of the black organizations committed to labor and internationalism" in the 1950s, *id.* at 6, and the activities of the House Un-American Activities Committee in the 1960s, *id.*, among other topics. The historical conduct of private citizens, state and local governments, or even the United States government, including supposed evidence of "bad acts," is not relevant to any material issue in this case. As noted above, this case is about the Defendants' actions undertaken at the direction of the Russian Government between 2014 and 2022. The proffered testimony from Prof. Kelley is not relevant because it has no bearing on the issues the jury is to decide in this case, nor does it in any way help the jury to understand the evidence in this case. *See Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) ("Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without evidence, and the fact is of consequent in determining the action.").

Even if such evidence were relevant to this case (which it is not), the probative value of these acts from a half century ago would be substantially outweighed by the

7

prejudice that results from permitting the defense to inject emotionally-charged and inflammatory historical events into trial (including, for example, lynchings of African Americans and the criminal charges brought against W.E.B. DuBois). *Id.* at 1069 ("Thus, in order for evidence to be excluded as unduly prejudicial under Rule 403, the undue prejudice it causes must substantially outweigh its probative value.").

Second, Prof. Kelley seeks to testify about Defendant Alexander Ionov and the Anti-Globalization Movement of Russia, and also proposes to speculate about the Defendants' motives in partnering with Ionov. Disc. of Prof. Kelley at 10-11 (opining on Ionov and the origins of the Anti-Globalization Movement of Russia, and that "none of the U.S. delegates who participated [in Ionov's conferences] were 'operatives'"). Prof. Kelley is not an expert on Alexander Ionov or the Anti-Globalization Movement of Russia. He has no training, experience, education, or other specialized knowledge of these matters. To the extent Prof. Kelley has any knowledge on these topics whatsoever, it appears derived from open-source information, such as Defendant Ionov's public websites and statements. Such information—to the extent it is admissible—speaks for itself and does not require Prof. Kelley's interpretation.

### III. Conclusion

For the reasons set forth above, the United States move to exclude the proposed testimony of Defendant Hess's expert, Mr. Aaron Mate, in its entirety. The bulk of Mr. Mate's proposed testimony has already been excluded by this Court and the one other topic set forth in his disclosure is entirely irrelevant to this case. The United

States further moves to exclude certain aspects of the testimony to be given by Defendant Hess's other expert, Prof. Robin Kelley. Specifically, the Court should exclude Prof. Kelley's proposed testimony as it relates to (1) alleged historical bad acts by the United States that supposedly occurred a half-century ago and have no direct link to any of the Defendants, and (2) Defendant Alexander Ionov and his organization, the Anti-Globalization Movement of Russia. As to the former, this testimony is irrelevant and unduly prejudicial. And, as to the latter, Prof. Kelley is wholly unqualified to offer "expert" opinions on a topic where he has no relevant training, education, experience, or specialized knowledge.

| | |
|---|---|
| ROGER B. HANDBERG<br>United States Attorney | By: *s/ Daniel J. Marcet*<br>DANIEL J. MARCET<br>RISHA ASOKAN<br>Assistant United States Attorneys<br>Florida Bar No. 0114104<br>400 N. Tampa St., Ste 3200, Tampa, Florida<br>813/274-6000 \| Daniel.Marcet@usdoj.gov |
| JENNIFER K. GELLIE<br>Acting Chief,<br>Counterintelligence and Export<br>Control Section | By: *s/ Menno Goedman*<br>MENNO GOEDMAN<br>Trial Attorney, National Security Division<br>950 Pennsylvania Ave. NW, Washington, DC<br>(202) 451-7626 \| Menno.Goedman@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Ade Griffin, Esq.
Leonard Goodman, Esq.
Mutaqee Akbar, Esq.

I hereby certify that on August 28, 2024, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Augustus C. Romain, Jr.
Inmate ID: 54801510
Citrus County Detention Facility
2604 W Woodland Ridge Dr.
Lecanto, FL 34461

> /s/ Daniel J. Marcet
> Daniel J. Marcet
> Assistant United States Attorney
> Florida Bar No. 0114104
> 400 N. Tampa St., Ste. 3200
> Tampa, FL 33602-4798
> Telephone: (813) 274-6000
> Facsimile: (813) 274-6358
> E-mail: Daniel.Marcet@usdoj.gov