UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:22-cr-259-WFJ-AEP

UNITED STATES OF AMERICA
           Plaintiff,

vs.

OMALI YESHITELA,
           Defendant.
_____/

## DEFENDANT'S MOTION IN LIMINE REGARDING ADMISSION OF VISA APPLICATION AND PHOTOGRAPH OF PASSPORT

Comes Now the Defendant, **OMALI YESHITELA**[1], by and through undersigned counsel, files this Motion in Limine Regarding Admission of Visa Application and Photograph of Passport.  As grounds thereof the following is set forth:

    1.    Defendant seeks to exclude any visa application of an individual that purportedly belongs to Aleksey Borisovich Sukhodolov (hereinafter referred to as "Sukhodolov"), and/or any other alleged co-conspirator, and a photograph of a passport of an individual that purportedly belongs to Yegor Sergeyevich Popov (hereinafter referred to as "Popov", and/or any other alleged co-conspirator, as inadmissible hearsay. The visa application is being offered as evidence of Sukhodolov's personal information, including his alleged employment. The picture of Popov's passport is being offered of Popov's personal information and/or

---

[1] This Defendant's Motion in Limine is filed on behalf of Defendants Omali Yeshitela, Penny Hess and Jesse Nevel.

1

potential employer.

2. Hearsay is inadmissible unless it falls under an exception or is deemed not hearsay under Federal Rule of Evidence 801(d). Rule 801(d)(2)(e) provides that a statement is not hearsay if it "is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." To be admissible under Rule 801(d)(2)(E), "the Government must first establish the following by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) that the statement to be introduced was made during the course and in furtherance of the conspiracy." *United States v. Dickerson*, 248 F.3d 1036, 1049 (11th Cir. 2001) (citing *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).

3. The visa application and passport photograph are hearsay because they are being offered for the truth of the matter asserted. The Government is introducing the visa application and passport photograph to introduce evidence that the information contained within a) identifies both Sukhodolov and Popov and b) that the information contained within the visa application and passport photograph was allegedly inputted into the application and/or passport photograph by Sukhodolov and Popov and 3) that the information contained in the visa application and passport photograph is true. This is hearsay.

4. The visa application and passport photograph are not admissible under the co-conspirator hearsay exception. First, the Government cannot produce any

2

independent evidence that Sukhodolov and Popov were members of a conspiracy. The only evidence that Sukhodolov and Popov were members of a conspiracy is hearsay evidence. Additionally, the individual who created the visa application is the "speaker" of any information on the visa, and again, the Government has no evidence that this individual was a member of a conspiracy. The individual who created the passport is the "speaker" of any information on the passport, and the Government has no evidence that this individual was a member of a conspiracy.

5. It is not enough that the Government prove that a conspiracy existed; the Government must also prove that the conspiracy included the Defendant as well as the speaker of the hearsay statement. In the case *U.S. v. Al-Moayad*, 545 F.3d 139 (2d Cir. 2008), the court found that certain statements did not qualify as co-conspirator hearsay. The trial court admitted a form that listed the defendant, but that was written by an individual who was not a proven member of the conspiracy. This was error.

> The court explained:
>
> In this case, the district court did not satisfy the requirements of Rule 801(d)(2)(E). The court made no findings, by a preponderance of the evidence or otherwise, about the existence of a conspiracy including Al–Moayad and the individual who filled out the mujahidin form ("Abu Jihad"), nor do we think the court could have done so based on the record before us. ... Indeed, we do not know if Al–Moayad even knew Abu Jihad, or was aware that Abu Jihad listed him on the form. The district court had virtually no basis for admitting the mujahidin form for its substance as a co-conspirator statement.

*Id.* at 174.

6. Additionally, the visa application and passport photograph are not admissible as co-conspirator hearsay because the statements were not made in furtherance of the conspiracy. The principal question when determining whether a statement is in furtherance of a conspiracy is whether the statement was intended to promote the goals of the conspiracy. *See United States v. Johnson*, 469 F. Supp. 3d 193, 212–13 (S.D.N.Y. 2019). Casual conversation about past events, idle chatter between co-conspirators, or merely narrative descriptions by one coconspirator of the acts of another do not qualify as statements in furtherance of the conspiracy. *Id.*

7. Any statements made in the visa application were made for the purpose of complying with United States law regarding visas and were not made to further the conspiracy and thus do not qualify as co-conspirator hearsay.

8. Any statements made in the passport photograph were made for the purpose of complying with governmental regulations and were not made to further the conspiracy, and thus do not qualify as co-conspirator hearsay.

**WHEREFORE**, based upon the foregoing, the Defendant requests that the Court enter an order that the visa application of Sukhodolov and passport photograph of Popov are not admissible evidence.

Respectfully submitted,

ADE A. GRIFFIN, ESQ.
Griffin Inskeep Law, LLC
Harvey Building
224 Datura St, Suite 900
West Palm Beach, Florida 33401
ade@agtilaw.com
Pleadings: service@agtilaw.com
(561) 320-6006

*/s/ Ade A. Griffin, Esq.*
By: ADE GRIFFIN
Florida Bar No. 0771961

## CERTIFICATE OF SERVICE

I hereby certify that on  August 29, 2024  , I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Ade A. Griffin, Esq.*
By: ADE GRIFFIN, ESQ
Florida Bar No. 0771961

5