UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:22-cr-259-WFJ-AEP

UNITED STATES OF AMERICA
    Plaintiff,

vs.

OMALI YESHITELA,
    Defendant.
_____/

## DEFENDANT'S OBJECTION TO UNITED STATES AMENDED VOIR DIRE

Comes Now the Defendant, **OMALI YESHITELA,** by and through undersigned counsel, files this Objection to the United States' Amended Voir Dire (doc$247). Defendant objects to the United States' Amended Government's Voir Dire questions 4, 6, 7, 8, 9, and 10.  As grounds thereof the following is set forth:

1. Although there are no constitutional provisions directly addressing the use of hypothetical questions during voir dire, there may be circumstances where a party's manner of conducting voir dire renders a jury impartial and thereby triggers a Sixth Amendment violation. *Hobbs v. Lockhart*, 791 F.2d 125, 129–30 (8th Cir. 1986).

2. Voir dire questions that ask the jury how it would weigh evidence it has not heard are not be a proper line of inquiry. *U.S. v. Fambro*, 526 F.3d 836, 848 (5th Cir. 2008). Prospective jurors may not be questioned with respect to a hypothetical set of facts to be proved at trial and thus commit the jury to a

1

decision in advance. *Hobbs v. Lockhart*, 791 F.2d 125, 129–30 (8th Cir. 1986).

3. In its requested voir dire questions, the Government asks to present potential jurors with facts or evidence that it intends to present during trial. The Government then seeks to ask potential jurors if they would be willing to convict the Defendant on those hypothetical facts should they be proven. This is improper.

4. An example of an improper voir dire question proposed by the Government is their requested question 6. The question lays out a hypothetical wherein the defendant acts as an agent of a foreign government through contact with an intermediary. The question as well proposes to instruct the potential jurors on the Government's interpretation of the law. It then goes on to ask potential jurors this lengthy question that asks them to commit to a verdict:

> Is there anyone here who, even if the United States proves all of the elements of the charged crime beyond a reasonable doubt, would require the United States to establish direct contact between a defendant and a foreign government official in order to find that particular defendant guilty of acting as an agent of a foreign government?

This question is not only confusing, but it is also improper in asking the potential jurors to commit to a decision in advance.

5. Additionally, the Requested Voir Dire is improper in that it proposes to instruct the potential jurors on jury instructions that have not yet been agreed upon by the Defendant nor been approved by the Court. Voir dire is not the

appropriate venue to instruct the jury on the law or argue the application of the law to specific facts, particularly as the jury instructions have not been agreed upon by the parties nor approved by the Court.

6. "The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice." *Darbin v. Nourse*, 664 F.2d 1109, 1113 (9th Cir. 1981). It is not necessary, nor is it proper, to instruct potential jurors on the intricacies of the law in order to assess their state of mind and uncover bias or prejudice.

**WHEREFORE**, based upon the foregoing, the Defendant requests that the Court deny the United States' Amended Voir Dire questions 4, 6, 7, 8, 9, and 10.

Respectfully submitted,

ADE A. GRIFFIN, ESQ.
Griffin Inskeep Law, LLC
Harvey Building
224 Datura St, Suite 900
West Palm Beach, Florida 33401
ade@agtilaw.com
Pleadings: service@agtilaw.com
(561) 320-6006

*/s/ Ade A. Griffin, Esq.*
By: ADE GRIFFIN
Florida Bar No. 0771961

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing

3

document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Ade A. Griffin, Esq.*
By: ADE GRIFFIN, ESQ
Florida Bar No. 0771961
