UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

                                          Case No.: 8:22-cr-259-WFJ-AEP

v.

OMALI YESHITELA,
PENNY HESS,
JESSE NEVEL, and
AUGUSTUS C. ROMAIN, JR.

**UNITED STATES' MEMORANDUM OF LAW
REGARDING ELEMENTS OF SECTION 951**

The United States respectfully submits this Memorandum of Law to address questions raised by the Court relating to the elements of a violation of Section 951. First, binding Eleventh Circuit precedent holds that 18 U.S.C. § 951 does not require proof of intent to violate the law or knowledge of Section 951's notification requirement. Second, binding Supreme Court precedent establishes that the *mens rea* for a conspiracy under 18 U.S.C. § 371 cannot be higher than the *mens rea* for the substantive offense. And third, the use of the term "willfully conspire" in Count 1 of the Superseding Indictment means that the Defendant intentionally or deliberately joined the conspiracy, consistent with Supreme Court precedent and the Eleventh Circuit pattern jury instructions for conspiracy.

I.     **A substantive violation of Section 951 does not require proof that the Defendant knew his conduct was unlawful or knew of the notification requirement.**

The Eleventh Circuit has twice held that Section 951 does not require proof that the Defendant intended to violate the law. *See United States v. Campa*, 529 F.3d

980, 999 (11th Cir. 2008); *United States v. Duran*, 596 F.3d 1283, 1292 (11th Cir. 2010) (holding that "Section 951's plain language makes it clear that it is a general intent crime" and that "[a] defendant need not intend to violate the law to commit a general intent crime, but he must actually intend to do the act that the law proscribes"). Additionally, the Eleventh Circuit has also made clear that, because Section 951 is a general intent crime, "knowledge of the notification requirement need not be proven by the government." *Duran*, 596 F.3d at 1292.

Reading these two authorities together, the Eleventh Circuit has made clear that Section 951: (1) is a general intent crime, (2) does not require proof of an intent to violate the law, and (3) does not require proof that the defendant knew of Section 951's notification requirement.

II.    **A Section 371 conspiracy cannot have a higher *mens rea* than the substantive offense.**

"The general conspiracy statute, 18 U.S.C. § 371, offers no textual support for the proposition that to be guilty of conspiracy a defendant in effect must have known that his conduct violated federal law." *United States v. Feola*, 420 U.S. 671, 686 (1975); *see also United States v. Nerey*, 877 F.3d 956, 968 (11th Cir. 2017) ("For a defendant to be found guilty of conspiracy, the government must prove beyond a reasonable doubt (1) that the conspiracy existed; (2) that the defendant knew of it; and (3) that the defendant, with knowledge, voluntarily joined it.").

As various circuit courts have held, *Feola* stands for the proposition that "the government need not prove anything more than the degree of criminal intent

2

necessary for the substantive offense in order to convict a defendant of conspiracy."
*United States v. Brooks*, 681 F.3d 678, 699 (5th Cir. 2012) (citing *Feola*, 420 U.S. at
686-87; *see also United States v. Sclamo*, 578 F.2d 888, 891 (1st Cir. 1978) (citing *Feola*
for the proposition that "[t]he conspiracy count requires no greater degree of scienter
than the substantive count"); *Stichting Ter Behartiging v. S.E. Schreiber*, 327 F.3d 173,
184 (2d Cir. 2003) ("However, the federal conspiracy statute, 18 U.S.C. § 371,
imposes no greater *mens rea* than that necessary to commit the substantive offense.").

Reading together the Supreme Court's decision in *Feola* with the Eleventh
Circuit's decisions in *Campa* and *Duran*, it becomes clear that the *mens rea*
requirement for a conspiracy to violate Section 951 will mirror the *mens rea* required
for a substantive violation of Section 951: the United States must prove that the
defendant *knows* that he (or a co-conspirator) intends to act at the direction of the
foreign government, and intentionally joins in that conspiracy. The United States
must further prove that the Attorney General was not notified, as required by law.

III. **"Willfully" as used in the Superseding Indictment means "intentionally."**

"As the Supreme Court has observed, the term 'willfully' has 'many
meanings,' and 'its construction [is] often . . . influenced by its context.'" *United
States v. Phillips*, 19 F.3d 1565, 1576 (11th Cir. 1994), *amended*, 59 F.3d 1095 (11th
Cir. 1995) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994)). Here, Count
One of the Superseding Indictment charges that the Defendants "did knowingly and
willfully combine, conspire, and agree with each other and other persons . . . to

commit an offense against the United States, that is, to act as an agent of a foreign government and foreign officials, to wit, the Russian Federation and official of that government, without prior notification to the Attorney General, as required by law, in violation of 18 U.S.C. § 951(a)." Doc. 12 at ¶ 25.

As used in Count 1, the term "willfully" modifies the verbs "combine, conspire, and agree." That is consistent with the Eleventh Circuit's Pattern Instruction O13.1, which identifies as an element of a conspiracy charge that "the defendant knew the unlawful purpose of the plan *and willfully joined it*." (Emphasis added). In both Count 1 and the Pattern Instruction, "willfully" is a synonym for "deliberately" or "intentionally." This is necessarily true because, if one were to read "willfully" in the Eleventh Circuit's general conspiracy instruction to require, in every Section 371 case, that the defendant acted with knowledge that his conduct was unlawful, then the *mens rea* for the conspiracy charge would be higher than the *mens rea* for the substantive offense—which is inconsistent with the Supreme Court's decision in *Feola*.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: *s/ Daniel J. Marcet*
DANIEL J. MARCET
RISHA ASOKAN
Assistant United States Attorneys
Florida Bar No. 0114104
400 N. Tampa St., Ste 3200, Tampa, Florida
813/274-6000 | Daniel.Marcet@usdoj.gov

JENNIFER K. GELLIE
Acting Chief, Counterintelligence
and Export Control Section

By: *s/ Menno Goedman*
MENNO GOEDMAN
Trial Attorney, National Security Division
950 Pennsylvania Ave. NW, Washington, DC
(202) 451-7626 | Menno.Goedman@usdoj.gov

**U.S. v. Ionov, et al.**                    **Case No. 8:22-cr-259-WFJ-AEP**

### CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> Ade Griffin, Esq.
> Leonard Goodman, Esq.
> Mutaqee Akbar, Esq.
> Mark O'Brien, Esq.

I hereby certify that on September 5, 2024, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

> Augustus C. Romain, Jr.
> Inmate ID: 54801510
> Citrus County Detention Facility
> 2604 W Woodland Ridge Dr.
> Lecanto, FL 34461

> */s/ Daniel J. Marcet*
> Daniel J. Marcet
> Assistant United States Attorney
> Florida Bar No. 0114104
> 400 N. Tampa St., Ste. 3200
> Tampa, FL 33602-4798
> Telephone: (813) 274-6000
> E-mail: Daniel.Marcet@usdoj.gov