UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO. 8:22-cr-259-WFJ-AEP

v.

OMALI YESHITELA,
    a/k/a "Joseph Waller,"
PENNY JOANNE HESS,
JESSE NEVEL,
    a/k/a "Jesse Nevelsky," and
AUGUSTUS C. ROMAIN, JR.,
    a/k/a "Gazi Kodzo"

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find each Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his or her innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

The Superseding Indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendants knowingly and willfully conspired to commit an offense against the United States, that is, to act as an agent of a foreign government or a foreign government official, to wit, the Government of Russia, also known as the Russian Federation, or officials of that government, without prior notification to the Attorney General, as required by law, in violation of 18 U.S.C. § 951(a).

Count Two charges that the Defendants Yeshitela, Hess, and Nevel committed what is called a "substantive offense," specifically that, aided and abetted by each other and by other persons, they did knowingly act within the United States as an agent of a foreign government or foreign government officials, meaning the Government of Russia, also known as the Russian Federation, or officials of that government, without prior notification to the Attorney General, as required by law, in violation of 18 U.S.C. §§ 951(a) and 2.

I will explain the law governing those substantive offenses in a moment. But first note that the Defendants are not charged in Count One with committing a substantive offense – they are charged with <u>conspiring</u> to commit that offense.

9

I will now give you specific instructions on conspiracy, Count One.

**Count One: Conspiracy to Act as Agents of a Foreign Government**

It's a separate Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

Count One of the Superseding Indictment charges the Defendants with conspiring to commit an offense against the United States, in violation of Title 18, United States Code, Section 371.

The Government alleges that the object of the conspiracy was for the Defendants or their co-conspirators to act in the United States as an agent of a foreign government or officials without first notifying the Attorney General, in violation of federal law. The elements of this crime alleged to be the object of the conspiracy are set forth at pages 17–19. Please refer to those.

The Government does not have to prove that all the people named in the Superseding Indictment were members of the plan, or that those who were members made any kind of formal agreement.

11

The Government does not have to prove that the members planned together all the details of the plan or the "overt acts" that the Superseding Indictment charges would be carried out in an effort to commit the intended crime.

The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3) during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4) the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

To willfully join a conspiracy means to join the conspiracy deliberately and intentionally. The word "willfully," as that term is used here in Count One means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law. While a person must have acted with the intent to do

something the law forbids before you can find that person acted "willfully," the person need not be aware of the specific law or role that his or her conduct may be violating.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy. I will not read the overt acts charged in the Superseding Indictment, but you will receive a copy of the Superseding Indictment setting forth the Overt Acts alleged for Count One to review during your deliberations.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

13

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Middle District of Florida, but in order for you to return a guilty verdict, the Government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Middle District of Florida. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Saint Petersburg, Florida is located in the Middle District of Florida.

Proof of several separate conspiracies isn't proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies proved is the single overall conspiracy.

You must decide whether the single overall conspiracy charged existed between two or more conspirators. If not, then you must find the Defendants not guilty of that charge.

But if you decide that a single overall conspiracy did exist, then you must decide who the conspirators were. And if you decide that a particular Defendant was a member of some other conspiracy – not the one charged – then you must find that Defendant not guilty.

So to find a Defendant guilty, you must all agree that the Defendant was a member of the conspiracy charged – not a member of some other separate conspiracy.

15

A conspiracy isn't a crime unless (1) there is an agreement, and (2) a conspirator performs an overt act.

So, if a Defendant joins a conspiracy but later has a change of mind and withdraws from the conspiracy before any conspirator has committed an "overt act," the Defendant isn't guilty of conspiracy.

But to find that a Defendant withdrew from a conspiracy, you must find that the Defendant took action to disavow or defeat the purpose of the conspiracy before any member of the conspiracy committed any overt act.

16

### Count Two: Acting as Agents of a Foreign Government

I now instruct you as to Count Two.

Count Two of Superseding Indictment charges that Defendants Omali Yeshitela, Penny Joanne Hess, and Jesse Nevel were acting as agents of a foreign government without prior notification to the Attorney General of the United States.  The relevant language of the statute, Title 18, United States Code, Section 951, provides that:

> Whoever, other than a diplomatic or consular officer or attaché, acts in the United States as an agent of a foreign government without prior notification to the Attorney General . . . shall be [guilty of a crime].

To prove a violation of the crime charged in Count Two of the Superseding Indictment, the Government must establish each of the following elements beyond a reasonable doubt:

> First, that the Defendant acted in the United States as an agent of a foreign government or foreign official, specifically the Government of Russia or an official thereof;
>
> Second, the Defendant failed to notify the Attorney General that he would be acting as an agent of the foreign government or official prior to so acting; and
>
> Third, the Defendant acted knowingly.

The Defendants can also be found guilty if they aided or abetted each other or other persons in violating Section 951.  I will define the phrase "aiding

17

and abetting" in a moment. A person who aids and abets a crime is just as guilty as they would have been if they had personally committed each of the acts that make up the crime.

The term "foreign government" includes any person or group of persons exercising authority in fact or by law or right over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group or agency to which such sovereign authority or functions are directly or indirectly delegated.

The term "agent of a foreign government" means an individual, other than a diplomatic or consular officer or attaché, who agrees to operate within the United States subject to the direction or control of a foreign government or foreign government official.

Simply acting in accordance with foreign interests does not make a person an "agent of a foreign government." To be an "agent of a foreign government," a person must do more than act in parallel with a foreign government's interests or pursue a mutual goal. The Government must prove that the Defendant acted subject to the direction or control of the Russian Government or an official thereof.

A foreign government or official's involvement in the relationship does not need to be that of an employer of the Defendant—a lesser degree of control

18

is sufficient. A person who operates subject to a more hands-off form of direction would also be operating as an "agent of a foreign government." No formal or contractual agreement is required, nor must payment or other compensation be received, although evidence of either may be relevant to determining whether a person acts at the direction or control of another.

Direction or control may be established by direct contact between the agent and foreign government or foreign official, or, alternatively, via indirect contact through an intermediary or intermediaries.

You do not need to find that a Defendant was an agent during the entire time period specified in the Superseding Indictment.

I will instruct you on what "knowingly" means, and you should apply that instruction here. The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident. To find the Defendant guilty of this offense, you must find that the Defendant knew that he or she was acting as an agent of the government or an official of the Russian Government and knew that he or she had not provided prior notification to the Attorney General.  It is not necessary for the Government to prove that a defendant knew that there was a law that required him or her to provide notification to the Attorney General. Ignorance of the notification requirement is not a defense to this crime.

This aiding and abetting instruction I state here applies to Count Two.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

20

Where a statute specifies multiple alternative ways in which an offense may be committed, the <u>indictment</u> may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u> of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

21

The Defendants may not be convicted for their speech solely. All persons have a right to express unpopular or even "despicable" speech.

If a Defendant's knowledge of a fact is an essential part of a crime, it's enough that the Defendant was aware of a high probability that the fact existed – unless the Defendant actually believed the fact didn't exist.

"Deliberate avoidance of positive knowledge" – which is the equivalent of knowledge – occurs, for example, if a Defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he or she can deny knowledge of the package's contents.

So, in this case, you could find that a Defendant knew about the role of the Russian government in directing his or her actions if you determine beyond a reasonable doubt that the defendant (1) actually knew about the Russian government's involvement, or (2) had every reason to know but deliberately closed his or her eyes.

But I must emphasize that negligence, carelessness, or foolishness isn't enough to prove that the Defendant knew a fact.

23

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

24

It is the defense's position that the Defendants never acted or conspired to act under the direction or control of the Russian government or of an official of the Russian government. Instead the defense contends that the Defendants acted on their own behalf and on the behalf of their own organizations. The defense also asserts that upon the severance of Mr. Romain from the APSP and his forming the Black Hammer group, the two groups were separate, severed and distinct, and not responsible for any actions of the other.

Each count of the Superseding Indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime or any other Defendant.

I caution you that each Defendant is on trial only for the specific crimes charged in the Superseding Indictment. You're here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether a Defendant is guilty or not guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

26

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.